IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>DARREN D. WILLIAMS,<br><br>             Defendant. | Case No. A00-0108 CR (JKS)<br><br><u>O R D E R</u> |

      Darren Williams was charged in an indictment with various federal drug charges and the case was assigned to this judge. Williams pled guilty to drug charges before Judge Fitzgerald and was sentenced by this Court. He immediately appealed, and at the same time brought a § 2255 proceeding. Due to the pendency of the appeal, the § 2255 was dismissed. Williams dismissed his appeal and renewed his § 2255 petition. Judge Roberts held two evidentiary hearings and essentially concluded that Williams was not truthful. Exercising independent judgment, this Court agreed and dismissed the § 2255 with prejudice, specifically denying Williams a certificate of appealability. Williams sought a certificate of appealability from the Ninth Circuit, which was denied without opinion. Williams then filed the existing motion for relief from judgment under Federal Rule of Civil Procedure 60, essentially rehashing his earlier arguments. Additionally, he seeks recusal of this judge, alleging the existence of a conspiracy between this Court, Judge Fitzgerald, and the prosecutor to conceal an agreement between Williams's co-defendant, John Makules, and the government, in which Makules agreed to testify against Williams in exchange for dismissal of the charges against Makules. Docket No. 237 (Mot.). Williams knew at the time he pled that Makules had entered into an agreement with the government. This was established at the evidentiary hearing, and was, in fact, why he pled.

1

The only evidence of conspiracy is the fact that the case was originally assigned to this Court, was reassigned to Judge Fitzgerald solely to take the plea, and then assigned back to this Court for sentencing. In the meantime, this Court signed the order presented by the government dismissing Makules. The sequence of events is thoroughly documented in Judge Roberts's various reports and recommendations including findings of fact and conclusions of law. *See* Docket Nos. 197; 205; 225; 228; 206 (Order); 230 (Order).

As the Court made clear in the Order at Docket No. 230, it finds Williams intelligent, articulate, and personable, but not credible. The credibility findings are based exclusively on the record developed in this case. The Court has had no contact with Williams except through presiding over this case and many of the evidentiary hearings that have been held. *See* Docket No. 230. Judge Fitzgerald has assisted by holding Rule 11 proceedings in a number of this Court's cases. Judge Fitzgerald, however, was not available to hold the change of plea hearing, so it was transferred back to this Court. The Court reviewed the motion and supporting papers and concluded that the motion to withdraw plea was not based upon anything that had transpired at the Rule 11 hearing, but rather on Williams's belief that his many attorneys had prejudiced him by failing to bring motions to dismiss the prosecution for outrageous police conduct. Since that argument was patently frivolous, any judge could have ruled upon it. In sum, there is no basis to recuse. The Court will therefore deny the motion to the extent that it is based upon 28 U.S.C. § 455, and refer it to Chief Judge Sedwick to the extent that it is based upon 28 U.S.C. § 144.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this ___3___ day of January 2006.

_____
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER