UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 3:00-CR-00108 (JKS) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DARREN D. WILLIAMS, | ) | [Re: Motion at Docket 237] |
| | ) | |
| Defendant. | ) | |

## I. MATTER ADDRESSED

At docket 238, Darren D. Williams, currently appearing *pro se*, filed a motion entitled "Motion to Grant Relief From Judgment and Order Pursuant to F.R.Civ.P., Rule 60(b)(1) (3)–(4) and 5" seeking relief from the denial of his motion for relief under 28 U.S.C. § 2255 entered by Hon. James K. Singleton, Jr. Concurrently with his Rule 60(b) motion, Williams filed a "Motion for Disqualification" at docket 237 seeking to disqualify Judge Singleton under 28 U.S.C. § 455 from hearing his Rule 60(b) motion.[1/] Williams attached an affidavit to the motion and incorporated by reference a Complaint of Judicial Misconduct filed against Judge Singleton, also executed under penalty of perjury.[2/] In an order at docket 242 Judge Singleton denied the motion to the extent that it was based on § 455(a). Although Williams did not explicitly raise 28 U.S.C. § 144 in

---

[1/] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a)

[2/] Williams did not attach a copy of the Complaint of Judicial Misconduct referred to in the motion. However, pursuant to standard procedure, this court was provided a copy of the complaint, upon its presentation to the Ninth Circuit on December 21, 2005. The court has examined and considered the allegations in the complaint.

his motion, Judge Singleton nevertheless referred the motion to the undersigned to consider the possibility that it might have merit under § 144.[3]

## II. BACKGROUND

The background of this case is well known to the parties and extensively set forth in the order denying Williams' 28 U.S.C. § 2255 motion.[4] It will not be repeated here except as necessary to facilitate understanding of this order by others who may read it.

When the indictment was filed, this case was assigned to Judge Singleton and referred to Magistrate Judge John D. Roberts for pretrial matters under 28 U.S.C. § 636(b)(1). After first pleading not guilty, Williams, acting through retained counsel Allen N. Dayan, proposed to change his plea to guilty. Responsibility for considering the proposed change of plea was assigned to Senior Judge James M. Fitzgerald. On May 31, 2001, Williams entered a plea of guilty before Senior Judge Fitzgerald.[5] Further proceedings in the case were conducted by Judge Singleton, including the imposition of sentence.[6]

On August 9, 2001, Williams sought to discharge Dayan as his retained counsel and to obtain appointed CJA counsel. The matter was referred to Magistrate Judge Roberts, who found Williams eligible for appointed counsel and directed the Federal Public Defender to appoint counsel.[7] T. Burke Wonnell was appointed as counsel and appeared on behalf of Williams on August 29, 2001.[8] Subsequently, in April 2002 Williams sought to replace Wonnell as counsel on the grounds he suspected Wonnell

---

[3] *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign the motion for decision on the merits to another judge).

[4] Docket 230. The current Rule 60(b) motion seeks relief from that order and the judgment entered in accordance therewith on the same date at docket 231.

[5] Docket 101 (transcript).

[6] After several continuances, Williams was finally sentenced on June 12, 2002.

[7] Docket 107.

[8] Docket 109.

-2-

was working with the prosecution. After appointing another counsel to assist Williams in connection with that request,[9] Judge Singleton denied it.[10]

On May 14, 2002, Wonnel filed a motion to withdraw Williams' guilty plea,[11] which motion was denied by Judge Singleton.[12] Judge Singleton thereafter sentenced Williams to 135 months in prison.[13] Wonnell timely filed an appeal on behalf of Williams.[14] During the pendency of the appeal, the Court of Appeals granted Williams' motion for the substitution of counsel, and Hugh W. Fleischer was appointed in place of Wonnell.[15] The Court of Appeals denied a motion for relief of Fleischer as counsel and appointment of a non-CJA counsel.[16] While the appeal was pending, Williams filed a § 2255 motion,[17] which Judge Singleton dismissed without prejudice because of the pending appeal.[18] Williams then dismissed his appeal.[19]

After dismissing his appeal, Williams renewed his § 2255 motion,[20] which was referred to Magistrate Judge Roberts for an evidentiary hearing.[21] Although he originally appeared *pro se*, counsel was appointed to assist Williams with respect to his § 2255 motion.[22] After holding an evidentiary hearing on the issue of ineffective

---

[9] Dockets 118, 120.

[10] Docket 121.

[11] Docket 122.

[12] Docket 127.

[13] Dockets 131, 133.

[14] Docket 135.

[15] Dockets 146, 147.

[16] Docket 150.

[17] Docket 151.

[18] Docket 152.

[19] Docket 154.

[20] Docket 155.

[21] Docket 156.

[22] Dockets 179, 180.

-3-

assistance of counsel,[23] Magistrate Judge Roberts recommended that the § 2255 motion be denied.[24] Judge Singleton remanded the matter to Magistrate Judge Roberts for additional findings on 12 specified issues.[25] After holding a supplemental evidentiary hearing,[26] Magistrate Judge Roberts made additional findings and again recommended that the § 2255 motion be denied.[27] Judge Singleton, after reviewing the recommendation, re-examining the record, and exercising his independent judgment, adopted the recommendation of Magistrate Judge Roberts, denied Williams § 2255 motion, and denied a certificate of appealability.[28] Williams requested a certificate of appealability from the Court of Appeals for the Ninth Circuit, which was denied.[29] Williams sought further review of his § 2255 motion by the Supreme Court, which denied his motion to file an out of time petition for *habeas corpus*.[30]

### III. ISSUES RAISED

Williams bases his motion on six grounds, which he claims establish prejudice or bias requiring recusal of Judge Singleton as follows:[31]

> 1. The lack of notice to Williams of the motion of his co-defendant to dismiss and its subsequent grant by Judge Singleton, followed by the transfer of the case to Judge Fitzgerald for the taking of the plea was a "scheme" to mislead Judge Fitzgerald and confuse Williams concerning

---

[23] Dockets 186, 187 (transcript).

[24] Docket 203.

[25] Docket 206.

[26] Dockets 216, 217 (transcript).

[27] Docket 225.

[28] Docket 230.

[29] Docket 236.

[30] 546 U.S. ___ (Mem), 126 S.Ct. 476 (Mem) (2005).

[31] The facts for 1 through 5 are from the Complaint of Judicial Misconduct and Disability and 6 from the affidavit appended to the motion to disqualify.

-4-

the fact that since the charges against Williams' co-defendant had been dismissed he could not be guilty of a conspiracy.

2.  The denial of his motion to compel the withdrawal of Wonnell as his attorney.

3.  The appointment of Fleischer, who had represented Williams' co-defendant in this case,[32] in place of Wonnell as his attorney during the appeal.

4.  Hearing Williams' § 2255 motion instead of assigning it to Judge Fitzgerald in violation of Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Court.

5.  The ruling on his § 2255 motion disregarded the law and constituted an abuse of discretion.

6.  Judge Singleton may be called as a witness to testify as to disputed facts to be presented in a subsequent proceeding.[33]

## IV.  APPLICABLE STATUTE AND STANDARD OF REVIEW

This matter has been referred to the undersigned for consideration of the possible application of 28 U.S.C. § 144 to the pending motion.  That statute says:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[32] Fleischer had been appointed to and did represent Williams' co-defendant in this case.  Docket 52.

[33] The fact of which Judge Singleton is alleged to have personal knowledge is the dismissal of Williams' co-defendant prior to the time Williams entered his guilty plea.

-5-

With respect to the standard of review to be applied by this court under § 144, the Ninth Circuit has stated:[34]

> The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Ordinarily, the alleged bias must stem from an extrajudicial source. Judicial rulings alone almost never constitute valid basis for a bias or partiality motion. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

## V. DISCUSSION

Williams' first ground, and the crux of his motion is that Judge Singleton, after dismissing the charges against Williams' co-defendant, arranged to have Williams' guilty plea to the charge of conspiracy to distribute cocaine taken by Senior Judge Fitzgerald. Williams argues that the dismissal of the charges against his co-defendant, John L. Makules, effectively created a conspiracy of one and, therefore, Judge Singleton having knowledge of Makules' dismissal could not have accepted Williams' guilty plea to a conspiracy charge. So, he cleverly assigned the plea proceeding to Judge Fitzgerald.

The conduct of a proposed change of plea proceeding is routinely assigned from one judge to another when it promotes efficient use of judicial resources. In this instance, Judge Singleton was in the midst of an eight-day trial at the time when Williams was to enter his proposed change of plea.[35] It was certainly appropriate to ask Senior Judge Fitzgerald to preside over the proposed change of plea so that Judge Singleton would not be distracted from the on-going trial.

---

[34] *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (internal citations and quotation marks omitted).

[35] Judge Singleton was in the third day of an eight-day trial in Case No. A970430 CV, *Chickaloon-Moose Creek Native Ass'n, et al. v. Norton,* on the date when Williams appeared to change his plea.

-6-

More importantly, Williams' argument rests on a mis-understanding of the law. Dismissal of the charge against the co-defendant had no bearing on the vitality of the case against Williams. It is well settled that an accused may be found guilty of conspiracy if there is sufficient evidence of an unnamed, unindicted coconspirator, and a conspiracy conviction may stand after the prosecution has dismissed conspiracy charges against the alleged coconspirator.[36] Here, the record shows Williams entered a plea of guilty to conspiracy to possess cocaine with the intent to distribute.[37] At the change of plea hearing, Williams admitted to having an agreement with both his one time co-defendant (Makules) and with one Sara Lee Williams to carry out the conspiracy. According to Williams, Sara Lee Williams was the primary courier between California and Alaska while Makules was the courier within Alaska.[38] Williams' own statements under oath were adequate to show a conspiracy to possess cocaine with the intent to distribute. That is all that was required for his conviction.[39]

Three of the remaining five grounds asserted, specifically 2, 4, and 5, may be disposed of summarily. Each of these actions by Judge Singleton was a ruling on an issue in the case. As a matter of law, such rulings "almost never" constitute a sufficient basis for a finding of prejudice or bias.[40] There is nothing about these run-of-the-mill decisions made by Judge Singleton which transports them into the realm of "almost neverland." This conclusion is bolstered by the fact that Williams points to no extrajudicial source factor that influenced any of the decisions.

The third ground was not an action taken by Judge Singleton. The replacement of Wonnel by Fleisher was the result of an order by the Court of Appeals. It provides no basis for recusing Judge Singleton.

---

[36] *See United States v. Sangmeister*, 685 F.2d 1124, 1127 (9th Cir. 1982).

[37] 21 U.S.C. §841(a); § 846.

[38] Docket 101 (transcript), pp. 33 – 34.

[39] *United States v. Barragan*, 263 F.3d 919, 922 (9th Cir. 2002) ("To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense.").

[40] *Liteky v. United States,* 510 U.S. 540, 554-56 (1994).

The sixth ground, that Judge Singleton has personal knowledge of a disputed evidentiary fact and may be called as a witness, might, at first blush, seem to raise a colorable basis for disqualification; albeit under § 455(b)(1), not § 144 or § 455(a). Section 455(b)(1) provides for disqualification of a judge: "Where he has * * * personal knowledge of *disputed* evidentiary facts concerning the proceedings." (Emphasis added.) However, even were the court here concerned with § 455(b)(1), there is no basis for recusal. The fact of which Judge Singleton is alleged to have personal knowledge is that the charges against Williams' co-defendant were dismissed prior to the time Williams entered his guilty plea. There is no dispute about that fact; it is indisputably established by the record of proceedings in the case.

## VI. CONCLUSION

Williams' motion at docket 237 to disqualify Judge Singleton is without merit under 28 U.S.C. § 144. To the extent it relies on that statute, it is **DENIED**.

Dated at Anchorage, Alaska, this 18th day of January 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

Case 3:00-cr-00108-HRH   Document 243   Filed 01/18/06   Page 8 of 8