IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DARREN D. WILLIAMS,<br><br>    Defendants. | Case No. A00-0108 CR (JKS)<br><br>ORDER DENYING<br>MOTION TO REOPEN |

Darren D. Williams, representing himself, filed a motion to reopen his section 2255 motion under Federal Rule of Civil Procedure 60(b)(1), (3), (4), and (5).[1] Mr. Williams says he is attacking the "mistake" this Court made in denying his motion under 28 U.S.C. § 2255, alleging that the Court made a "legal error" when it failed to find that Mr. Williams' "plea was induced by promises or misrepresentations," such that Mr. Williams' plea was not "a voluntary and intelligent choice."[2]

---

[1] See Docket No. 238.

[2] See id. at 8 - 10.

T:\Orders.05\2255\williams 60b deny.wpd

Mr. Williams also claims that his evidentiary hearing was "infected by a fraud on the court " because witnesses "purposefully misled the court in their testimony."[3] And Mr. Williams claims that the Court's decision should be "void" because the judge who initially "accepted" his plea did not rule on the § 2255 motion.[4] Finally, Mr. Williams claims that he did not have counsel at critical stages in his trial, because his attorney was rendering ineffective assistance and/or was absent during those times.[5]

Mr. Williams has not given this Court sufficient cause to reopen this case, but has again given his version of the facts with which the Court disagreed, after written arguments as well as evidentiary hearings.[6] Although relief from a judgment or order

---

[3] See id. at 19 - 20.

[4] See id. at 22. But see Habeas Rule 4(a) ("The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged."). In this case, the same judge who imposed the sentence and who refused to accept a change of plea from Mr. Williams, is the judge that decided the § 2255 motion. See Docket Nos. 90, 92, 122, 123, 125, 127, 131 - 134.

[5] See id. at 24 - 29.

[6] On July 28, 2003, Mr. Williams filed the motion under § 2255 at issue here. See Docket Nos. 155, 161 (amended motion, filed 9/2/03). After initially stating that he wished to proceed without the benefit of counsel, the Magistrate Judge recommended that his motion be denied, and counsel was appointed. See Docket Nos. 160, 172, 178. An evidentiary hearing was held, which Mr. Williams was allowed to attend, at his insistence, followed by closing written arguments. See Docket Nos. 181, 182, 186-88. Again the Magistrate Judge recommended denial of the motion, to which Mr. Williams, through counsel, filed objections.

may be granted under Federal Civil Rule 60(b), Mr. Williams does not fit the criteria under that rule.[7] Further, Mr. Williams had an opportunity to appeal any such errors.[8] The Court of Appeals, however, dismissed his appeal, refusing to grant a Certificate of Appealability.[9] This Court cannot now let him come in the back door to re-litigate his motion. Of course, if Mr. Williams has grounds for filing a successive petition, he may seek permission to do so from the appellate court.[10]

---

*See* Docket Nos. 197, 199. The Magistrate's final recommendation was that the motion be denied, but the District Judge ordered the case remanded to the Magistrate Judge for further fact-finding. *See* Docket Nos. 203, 206. Again Mr. Williams attended the evidentiary hearing, and afterwards, additional briefing was permitted. *See* Docket Nos. 211, 212, 214, 216, 217 - 24. The Magistrate Judge's supplemental report recommended that relief under section 2255 be denied, and the parties filed responses, resulting in a final supplemental recommendation that relief be denied. *See* Docket Nos. 225 - 28. This final recommendation was reviewed de novo by the District Court Judge, who exercised his independent judgment and denied the motion. *See* Docket Nos. 230, 231.

[7] *See* FED. R. CIV. P. 60(b) (relief from final judgment or order may be granted for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or . . . reversed or otherwise vacated . . . ; or (6) any other reason justifying relief from the operation of judgment").

[8] *See* Docket No. 235.

[9] *See* Docket No. 236. Mr. Williams states that a petition for writ of certiori was filed with the United States Supreme Court on September 27, 2005. *See* Docket No. 238 at 3; *but see Williams v. U.S.*, 126 S.Ct. 476 (Oct. 17, 2005), denying motion to file petition out of time.

[10] *See* 28 U.S.C. §§ 2244(a), 2255.

**IT IS HEREBY ORDERED** that:

Mr. Williams' motion for relief, at docket number 238, is DENIED.

DATED this __26__ day of January 2006, at Anchorage, Alaska.

JAMES K. SINGLETON, JR.
United States District Judge