UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
JAN 3 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:00-CR 108 |
| Plaintiff, ) | Chief Judge Sedwick (JKS) |
| ) | |
| vs. ) | RE: A00-0108 CR |
| ) | |
| DARREN D. WILLIAMS, ) | MOTION FOR RECONSIDERATION |
| ) | PURSUANT TO FEDERAL RULES OF |
| Defendant. ) | CIVIL PROCEDURES 60 (b) (1) |
| ) | |

MOTION TO RECONSIDER THE HONORABLE
JUDGE JAMES SINGLETON'S ORDER DENYING
DEFENDANT'S 28 U.S.C. § 455(a) TO DISQUALIFY

**COMES NOW** defendant Darren D. Williams (hereinafter referred to as Mr. Williams), hereby moves this Court to reconsider the Honorable Judge james K. Singleton's Order denying Mr. Williams' motion to disqualify **based upon 28 U.S.C. § 455(a)**. Mr. Williams' motion for disqualification question Judge Singleton's ability to preside impartially over any past, present and future motions, regarding Mr. Williams' case since Judge Singleton personally signed the Order dismissing all conspiracy charges against Mr. Williams' sole codefendant, Mr. John Makules. Also, the Honorable Judge James Fitzgerald appointment over Mr. Williams' Rule 11 Guilty Plea Hearing, then Judge Singleton's reassignment to Mr. Williams' § 2255 motion (see DKT #155 filed 7/28/03), contesting all aspects **of the Guilty Plea Hearing,** created an appearance of

-1-

impropriety and a clear violation of Federal Rules of Civil Procedure **Rule 4(a).** of the Rules Governing § 2255 proceeding. Judge Singleton possessed disputed knowledge and evidentiary facts of which made him a potential witness.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 60 (b)

The Ninth Circuit Court of Appeals held in <u>Hamilton v. Newland</u>, 374 F.3d 822 (9th Cir. 2004), that **Rule 60(b) is the appropriate Rule to invoke when one wishes a court to reconsider claims it has already denied.** See also, <u>United States v. Washington</u>, 394 F.3d 1152, at 1157 (9th Cir. 2005). However, all such motions, like the motion under Rule 60(b) seek to advance the ultimate objective of vacating the criminal conviction, but each seeks relief that is merely a step along the way. Nonetheless, the procedural object of the motion authorized by Rule 60(b) is simply to vacate the federal judgment (deny or) dismissing the habeas petition, not to vacate the state conviction. The fact that **the court to which the motion is addressed might conceivably go farther and grant the motion** does not in our view make such a motion a second habeas petition. See <u>Rodriquez v. Mitchell</u>, 252 F.3d 191, 199 (2nd Cir. 2001).

## RULE 60(b)(1) IS THE APPROPRIATE MECHANISM TO RAISE DEFENDANT'S ISSUES

A motion to reconsider claims in a final Order may be based on Clause (1) according to Fed.R.Civ.P. 60(b). These references in Clause (1) are to **mistake, inadvertence, surprise, fraud,** etc., in the course of the federal habeas proceeding, not in the litigation of the conviction against which the petition is directed. Thus, **a court might vacate a judgment denying habeas pursuant to Clause (1) if it determines that the respondent engaged in unfair surprise by failing to notify petition . . . in habeas proceeding.** See Rodriguez v. Mitchell, at 252, (9th Cir. 2001). Therefore, Mr. Williams' motion for reconsideration pursuant to Rule 60(b)(1) is appropriately filed.

## ISSUES FOR RECONSIDERATION

A) JUDGE SINGLETON'S ORDER (DKT 242-1) IS BASED UPON MISTAKES IN THE FACTUAL BASIS.

Judge Singleton ruled that, the Court reviewed the motion and supporting papers and concluded that the motion to withdraw the plea was not based upon anything that transpired at the Rule 11 Hearing. See Document 242-1 page 2: Judge Singleton's previous Order (Document 230 page 4) held that,
- Enclosed -

> "One claim that was not previously brought is Williams' claim that his initially retained lawyer, **Mr. Dayan, rendered ineffective assistance of counsel by (1) coercing Williams into a) pleading guilty, and b) perjuring himself at the Rule 11 Hearing before Judge Fitzgerald**, and (2) failing to adequately represent him in negotiations with the Government over a possible downward departure for substantial assistance. See generally United States v. Leonti, 326 F.3d 1111, 1117 (9th Cir. 2003). The Honorable John Roberts, United States Magistrate Judge, to whom this matter was initially assigned, held an evidentiary hearing on this claim."

The Order (DKT 230) denying Mr. Williams' § 2255 motion effectively refutes Judge Singleton's factual basis for denying Mr. Williams' motion to disqualify. **The § 2255 motion had everything to do with what transpired at the Rule 11 Hearing before Judge Fitzgerald.** Moreover, the mistake in facts that Judge Singleton based his erroneous decision on a motion filed by attorney Burke Wonnell on Mr. Williams' behalf, May 14, 2002. See attached motion, Exhibit _B_, and Order denying motion, Exhibit _C_. The May 14, 2002 motion Judge Singleton mistakenly depended on, "had **nothing** to do with the Rule 11 Hearing before Judge Fitzgerald."

B) MR. WILLIAMS OBJECTS TO JUDGE SINGLETON'S ASSERTION (DKT 242-1 page 2) THAT "THE SEQUENCE OF EVENTS (REASSIGNMENT OF THE CASE, AND JUDGE SINGLETON'S SIGNING OF THE ORDER TO DISMISS MR. MAKULES) IS THOROUGHLY DOCEMENTED . . . [.]"

-4-

The findings in Judge Singleton's Order (DKT 242-1 page 2) are factually flawed and misleading: The facts are, (1) Judge Singleton was the presiding judge over Mr. Williams' case from its inception; (2) Judge Singleton signed the Order to dismiss all charges of conspiracy against Mr. Makules on or about May 17, 2002; (3) Judge Fitzgerald was assigned to preside over Mr. Williams' Rule 11 Hearing on May 31, 2001; (4) Judge Singleton was reassigned to Mr. Williams' case as Mr. Williams requested new counsel to move to withdraw guilty plea on August 7, 2001; (5) Judge Singleton has presided over Mr. Williams' sentence and subsequent motions presented by Mr. Williams since the Rule 11 Hearing, including the § 2255 motion. The entire sequence of events has not been accurately presented to this Court for review.

C) MR. WILLIAMS OBJECTS TO THE COURT'S INTERPRETATION OF WHY MR. WILLIAMS SEEKS RECUSAL OF JUDGE SINGLETON

Mr. Williams seeks to have Judge Singleton recused from any past, present and future motions regarding Mr. Williams' case, not only because of the appearance of a conspiracy between his Court, attorney Allen Dayan, attorney Burke Wonnell, attorney Hugh Fleischer and AUSA Mark Rosenbaum to conceal the dismissal and dismissal agreement in which all charges were dismissed against Mr. Makules before Mr. Williams' Rule 11 Hearing, but also, because Federal Rules of Civil Procedure Rule

4(a) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a habeas petition brought under that section ". . . shall go to the judge who was in charge of that part of the proceeding being attacked by the movant." The District Court Calendar Docket indicates Judge Fitzgerald's availability during the 7/28/03 filing of Mr. Williams' § 2255 and the periods of the March 8, 2004 and August 6, 2004 evidentiary hearing.

D) WILLIAMS OBJECT TO JUDGE SINGLETON'S ORDER FINDING THAT WILLIAMS" EXISTING MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE 60(b) IS A REHASHING OF EARLIER ARGUMENTS.

Mr. Williams, in his December 2, 2005, Rule 60(b) motion, is attacking the integrity of the § 2255 habeas proceeding, not his underlying sentence or conviction in the motion.

E) MR. WILLIAMS OBJECTS TO JUDGE SINGLETON'S ATTEMPT TO REFRAME MR. WILLIAMS' 28 U.S.C. § 455(a) MOTION TO DISQUALIFY.

Judge Singleton has mistakenly stepped out of the statute, under which Mr. Williams framed his 28 U.S.C. § 455(a) motion to disqualify, and refer it to Chief Judge Sedwick under 28 U.S.C. § 144: Mr. Williams was not given a warning, and will not acquiesce to having his argument reframed by Judge Singleton as an action based upon 28 U.S.C. § 144.

**BACKGROUND AND FACTS OF THE CASE**

Mr. Williams and John Makules were indicted as codefendants on July 19, 2002, on conspiracy related charges. As a result of the indictment, Mr. Williams was arrested on November 15, 2000. Attorney Allen Dayan was retained to represent Mr. Williams on November 18, 2000, to defend against charges in the indictment. Mr. Dayan broached the subject of plea negotiations to Mr. Williams on March 20, 2001. Also, on March 20, 2001, Mr. Williams recorded a conversation between himself, Mr. Dayan and AUSA Mark Rosenbaum, regarding the terms of and for plea negotiations. Mr. Williams began attending proffer sessions near the end of March 2001. Mr. Williams attended several proffer sessions, where **he was questioned by AUSA Mark Rosenbaum and two DEA agents, without the representation of Mr. Dayan.** The proffer sessions broke down on May 10, 2001, but Mr. Williams was instructed to produce and deliver a cassette tape with incriminating information, against Mr. Williams, to the DEA on May 15, 2001. **Mr. Dayan did not review the recording.** On or about May 17, 2001, **Judge Singleton signed an Order, presented by the Government, to dismiss charges against Mr. Makules.** On May 17, 2001, the Government mailed to Mr. Dayan a plea agreement pertaining to Mr. Williams' case. On or about May 17, 2001, Mr. Makules was given a plane ticket to leave Alaska, immediately. Mr. Williams signed the plea agreement on May 22, 2001.

**RULE 11 HEARING CHANGE OF PLEA HEARING**

Mr. Williams' Rule 11 Change of Plea hearing was held on May 31, 2001, and presided over by the Honorable Judge James Fitzgerald. Mr. Williams was not given notice that Judge Singleton was disqaulified, reassigned or taken off Mr. Williams' case. At the Rule 11 Hearing, Mr. Williams made several inquiries to the Court regarding the terms in the Plea Agreement and what was necessary to earn a 63 months sentence promised by Mr. Dayan. Their was an abundance of language that Mr. Williams did not understand within the Plea Agreement. Because of this, the Court had Mr. Williams to read to understand several paragraphs in the Plea Agreement. Mr. Williams claimed that Mr. Dayan threatened him with life in prison if he did not answer the judge's questions affirmatively. Mr. Williams' Rule 11 Change of Plea Hearing was considered to be "extensive" according to Judge Singelton's Order (230). Mr. Dayan later attested that "Judge Fitzgerald conducted one of the most thorough evidentiary hearings he has ever attended." No one at the evidentiary hearing informed Judge Fitzgerald that, charges against Mr. Williams' sole codefendant, Mr. Makules, had been dismissed. However, at the Rule 11 Change of Plea Hearing, Judge Fitzgerald read the indictment to Mr. Williams indicating that Mr. Makules was currently a codefendant. After much confusion and coercion, at the Rule 11 Change of Plea Hearing, Mr. Williams pled guilty to conspiracy in relation to cocaine trafficking. Mr. Williams was remanded after the May 31, 2001 hearing.

**NEW COUNSEL APPOINTED TO AID MR. WILLIAMS**

**IN WITHDRAWAL OF GUILTY PLEA**

On July 30, 2001, Mr. Williams had the recorded conversation (of March 20, 2001) transposed.

> In this recording of conversation, Mr. Dayan made threats, a promise of a specific sentence to Mr. Williams and misrepresentations regarding the Government's position concerning plea negotiations.

**August 23, 2001, attorney Burke Wonnell was appointed to represent Mr. Williams to withdraw his guiltyu plea.** Mr. Williams presented to Mr. Wonnell, the "transcript of conversation" and other evidence to better assist Mr. Wonnell to argue on behalf of Mr. Williams' motion for withdrawal of guilty plea. However, Mr. Wonnell refused to use the transcript to timely file Mr. Williams' motion to withdraw the plea, based upon the threats, coercion and misrepresentations that affected the voluntariness of Mr. Williams' plea. Instead, **Mr. Wonnell waited nearly a year to file a frivolous motion**, to withdraw the plea, void of the material and facts presented by Mr. Williams. **The motion to withdraw the plea, filed by Mr. Wonnell on May 14, 2002, was not based upon anything that transpired at the evidentiary hearing or contained in the March 20, 2001 "transcript of conversation"** between Mr. Williams, Mr. Dayan and Mr. Rosenbaum. **This motion was assigned to Judge Singelton.** Judge Singelton denied the motion and moved for imposition of sentence, where he sentenced Mr. Williams, on June 12, 2002, to 135 months of incarceration.

PRO SE § 2255 MOTION

July 28, 2003, Mr. Williams refiled his § 2255 motion. This motion was refiled after Mr. Williams; A) dismissed Mr. Wonnell when Mr. Williams received notice that Mr. Wonnell represented AUSA Mr. Rosenbaum, regarding DUI charges, while he (Mr. Wonnell) was appointed to represent Mr. Williams in an appeal against Mr. Rosenbaum; B) dismissed attorney Hugh Fleischer (Mr. Makules' former attorney) for a conflict of interest; and C) dismissed the direct appeal in the Ninth Circuit.

On December 27, 2003, this Court specifically granted Mr. Williams' evidentiary hearing, on the § 2255, regarding; whether Mr. Dayan, rendered ineffective assistance of counsel by (1) coercing Mr. Williams into (a) pleading guilty, and (b) perjuring himself at the Rule 11 Hearing before Judge Fitzgerald, and (2) failing to adequately represent him in negotiations with the Government over a possible downward departure. Mr. Williams' § 2255 Motin regarded "everything that transpired at the evidentiary hearing(s)." The evidentiary hearings were presided over by Magistrate Judge John Roberts. The first evidentiary hearing was conducted on March 8, 2004. Because of the complexities and extensiveness of the Rule 11 Hearing and March 8th Hearing, Judge Singleton requested an expanded evidentiary hearing held on August 6, 2004. In spite of the fact that evidence and testimony produced at the evidentiary hearings indicated that Mr.

-10-

Williams was denied counsel at critical stages of his proceedings, Judge Singleton denied Mr. Williams' § 2255 Motion. Also, Judge Singleton denied Mr. Williams' a Certificate of Appealability.

**On July 6, 2005, the Ninth Circuit denied Mr. Williams' Certificate of Appealability.**

**December 20, 2005, Mr. Williams filed the Motion to Disqualify Judge James Singleton.**

Dated this ___20___ day of January, 2006.

Respectfully submitted,

*Darren D. Williams* (signature)
Darren D. Williams

```
        DARREN D. WILLIAMS
        REG. NO. 14168-006
        FEDERAL PRISON CAMP
           P.O. BOX 6000
        SHERIDAN, OR  97378
```

P R O O F   O F   S E R V I C E

\* I, Darren D. Williams, declare pursuant to Title 28 U.S.C. § 1746, that a true and correct copy of my Motion For Reconsideration Pursuant to Federal Rules of Civil Procudure 60(b)(1), has been served as dated and deposited in the prison's designed system for legal mail [FRAP 25(a)(2)(C)] in a sealed envelope with sufficient U.S. postage affixed and properly addressed to:

OFFICE OF THE U.S. ATTORNEY

DISTRICT OF ALASKA

222 WEST 7TH AVE.

ANCHORAGE, AK  99513

Dated this _20_ day of January, 2006.

_____
         Darren D. Williams