EXHIBIT B

MAY 14, 2002

T. BURKE WONNELL, ESQ.
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
(907) 276-8008

CJA Counsel for Defendant, Darren D. Williams

RECEIVED
JAN 3 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. A00-108 CR (JKS) |
| Plaintiff, ) | |
| vs. ) | **MOTION TO WITHDRAW GUILTY PLEA** |
| DARREN D. WILLIAMS, ) | |
| Defendant. ) | |

   COMES NOW Defendant Darren D. Williams and hereby moves the Court to permit him to withdraw the guilty plea previously entered in this case and to reschedule this case for trial. This motion is brought pursuant to Criminal Rule 32(e).

   Criminal Rule 32(e) provides for the withdrawal of a guilty plea:

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason.

Defendant was previously represented in this case by Allen Dayan. Defendant initially entered a guilty plea to a single count of conspiracy to distribute cocaine on May 31, 2001. Defendant was not fully made aware prior to the entry of his guilty plea of his right to due process under the Fifth Amendment to the United States

A31

Constitution. See attached affidavit. Defendant, as a lay person, would not otherwise be expected to fully understand his right to due process. Following the entry of his guilty plea, Defendant discovered authority concerning the right to due process which he believes is pertinent to his case. Defendant believes that proper application of the late discovered authority will result in dismissal of his charge.

"Under its inherent supervisory powers, a federal court is empowered to dismiss an indictment on the basis of governmental misconduct." United States v. Owen, 580 F.2d 365, 367 (9th Cir. 1978)(citations omitted). "As such, dismissal is used as a prophylactic tool for discouraging future deliberate governmental impropriety of a similar nature." Id. (citations omitted). Criminal Rule 5(a) provides as follows:

> Except as otherwise provided in this rule, . . . any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate judge or, if a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. §3041. If a person arrested without a warrant is brought before a magistrate judge, a complaint, satisfying the probable cause requirements of Rule 4(a), shall promptly be filed.

Defendant contends that government agents made a warrantless, full blown arrest of Defendant on February 24, 2000. As a result of his full blown arrest, Defendant contends that he was subject to significant restraints on his liberty, including the confiscation of his money, phone, and car keys. Defendant was not brought

A32

before a U.S. Magistrate Judge, or any other authorized official under Criminal Rule 5(a), until he was arraigned on the indictment on November 15, 2000.

During the course of this case, Defendant was provided with police reports in his discovery. Defendant contends that these reports are inaccurate of their recording of events which transpired on the night in question, particularly in connection with the circumstances surrounding his arrest. Defendant wishes to argue that the inaccurate police reports represent discovery which was intentionally falsified by government agents. Defendant wishes to argue that the reports attempted to make the encounter look like a simple investigatory stop, instead of a full blown arrest, due to the agents' desire to cover up their failure to present Defendant to the appropriate judicial officer in a timely manner under Criminal Rule 5(a). Defendant wishes to argue that this intentional falsification of discovery by government agents constitutes misconduct which is so outrageous as to require invocation of the Court's inherent supervisory power of dismissal. See Owen, at 367.

In light of Mr. Dayan's failure to adequately advise Defendant of his Fifth Amendment rights, and in light of Defendant's understandable lack of pre-plea awareness concerning the extent of the protections afforded by the Fifth Amendment, Defendant has a fair and just reason to withdraw his guilty plea. Defendant therefore respectfully moves that he be permitted to withdraw his

A33