**EXHIBIT C**

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*United States v. Williams*
Case No. A00-0108 CR (JKS)

By: THE HONORABLE JAMES K. SINGLETON

Deputy Clerk: Patty Demeter, Case Management: 677-6124*

PROCEEDINGS: ORDER FROM CHAMBERS

    Defendant Darren Williams entered a plea of guilty before the Honorable James M. Fitzgerald to conspiracy to distribute cocaine. *See* Docket No. 92. The plea was entered on May 31, 2001. *See id.* Now almost a year later, Williams moves to withdraw his guilty plea. *See* Docket No. 122 (Mot.); 126 (Opp'n). Williams argues, *inter alia*, that he was not aware of his due process rights guaranteed to him under the Fifth Amendment to the United States Constitution, that after his "arrest" on February 24, 2000, he did not have a timely arraignment, that he was provided inaccurate police reports during discovery, and that his former attorney did not properly advise him of his rights. *See* Docket No. 122. All of Williams' arguments are without merit.

    Williams has not provided sufficient evidence demonstrating the ineffectiveness of his counsel and it would appear that any pretrial motion to dismiss based on his prior "arrest" is groundless. Williams has not claimed actual innocence, it does not appear that his plea was tainted in any manner and a hearing is not necessary to resolve this matter. *See United States v. Cheely*, 814 F. Supp. 1430, 1435 (D. Alaska 1992). In sum, Williams has not demonstrated that the Rule 11 hearing was unfair or unjust. Williams was competent and provided a knowing, intelligent and voluntary plea in which he openly and freely admitted his guilt. Williams motion to withdraw his guilty plea at **Docket No. 122 is DENIED.**

    **IT IS SO ORDERED.**

Entered at the direction of the Honorable James K. Singleton, United States District Court Judge.

DATE: May 28, 2002

\*    ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.

Any request for other information or for clarification, modification, or reconsideration of this Order, or for extension of time must be made in the form of a motion. *See* FED. R. CIV. P. 7(b)(1); D. Ak. LR 7.1(l). No one should telephone, fax, or write to chambers regarding pending cases. The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

A00-0108--CR (JKS)
----------------------------
T. WOHNELL
N. ROSENBAUM (US-ATTNY)
US MARSHAL

US PROBATION
MAGISTRATE JUDGE ROBERTS

Exhibit 5
Page 1 of 1